UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

UNITED STATES OF AMERICA,
Plaintiff,

v. NO. 1:26-CR-024-01-H

JADEN JONATHAN BLAKE,
Defendant.

# NOTICE OF INTENT TO IMPOSE CONDITIONS OF SUPERVISED RELEASE

During the upcoming sentencing hearing, the Court will consider any objections to conditions of supervised release that may be imposed. To that end, the Court notifies the parties that, in addition to the mandatory conditions listed in 18 U.S.C. § 3583(d), the Court intends to impose the following Standard Conditions recommended by the United States Sentencing Commission at Section 5D1.3(b)(2) of the Guidelines Manual. The Court also intends to impose the special conditions listed below, which in light of the facts and circumstances of this case are (1) reasonably related to the factors set forth in 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), and (a)(2)(D), and (2) involve no greater deprivation of liberty than is reasonably necessary for the purposes set forth in Section 3553(a)(2)(B), (a)(2)(C), and (a)(2)(D). Defense counsel must review this notice with the defendant, have the document signed after the review, and return the signed notice to the Court.

**Standard Conditions:**

1. The defendant shall report to the probation office in the federal judicial district where he or she is authorized to reside within 72 hours of release from imprisonment, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame.

2. After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when to

report to the probation officer, and the defendant shall report to the probation officer as instructed.

3. The defendant shall not knowingly leave the federal judicial district where he or she is authorized to reside without first getting permission from the court or the probation officer.

4. The defendant shall answer truthfully the questions asked by the probation officer.

5. The defendant shall live at a place approved by the probation officer. If the defendant plans to change where he or she lives or anything about his or her living arrangements (such as the people the defendant lives with), the defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.

6. The defendant shall allow the probation officer to visit the defendant at any time at his or her home or elsewhere, and the defendant shall permit the probation officer to take any items prohibited by the conditions of the defendant's supervision that he or she observes in plain view.

7. The defendant shall work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment, he or she shall try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about his or her work (such as the position or the job responsibilities), the defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.

8. The defendant shall not communicate or interact with someone the defendant knows is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, the defendant shall not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9. If the defendant is arrested or questioned by a law enforcement officer, the defendant shall notify the probation officer within 72 hours.

10. The defendant shall not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was

designed, or was modified for, the specific purpose of causing bodily injury or death to another person, such as nunchakus or tasers).

11. The defendant shall not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12. If the probation officer determines that the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk, and the defendant shall comply with that instruction. The probation officer may contact the person and confirm that the defendant has notified the person about the risk.

13. The defendant shall follow the instructions of the probation officer related to the conditions of supervision.

**Special Conditions:**

1. The defendant shall have no contact with persons under the age of 18 except when directly supervised by an adult who is approved in advance by the probation officer, nor shall the defendant loiter near places where children may frequently congregate. The defendant shall neither seek nor maintain employment or volunteer work at any location and/or activity where persons under the age of 18 congregate and the defendant shall not date or intentionally develop a personal relationship with anyone who has children under the age of 18, without prior permission of the probation officer.

2. The defendant shall have no contact with the victim(s) or the victim's family, directly or indirectly without prior approval by the probation officer.

3. The defendant shall neither possess nor have under his control any sexually oriented, or sexually stimulating materials of adults or children. The defendant shall not patronize any place where such material is available.

4. The defendant shall participate and comply with the requirements of the Computer and Internet Monitoring Program and shall pay the costs of the program. The defendant shall consent to the probation officer's conducting ongoing monitoring of his computer/computers. The monitoring may include the installation of hardware and/or software systems that allow evaluation of computer use. The defendant shall not remove, tamper with, reverse engineer, or circumvent the software in any way. The defendant shall only use authorized computer systems that are compatible with the software and/or hardware used by the Computer and Internet Monitoring Program. The defendant shall permit the probation officer to conduct a preliminary computer search prior to the installation of software. At the discretion of the probation officer, the monitoring software may be disabled or removed at any time during the term of supervision.

5. The defendant shall submit to periodic, unannounced examinations of his computer/computers, storage media, and/or other electronic or Internet-capable devices, performed by the probation officer at reasonable times and in a reasonable manner based on reasonable suspicion of contraband evidence of a violation of supervision. This may include the retrieval and copying of any prohibited data and/or the removal of such system for the purpose of conducting a more thorough inspection. The defendant shall provide written authorization for release of information from the defendant's Internet service provider.

6. The defendant shall not use any computer other than the one the defendant is authorized to use without prior approval from the probation officer.

7. The defendant shall not possess, have access to, or utilize a computer or Internet connection device, including, but not limited to Xbox, PlayStation, Nintendo, or similar device, without permission of the probation officer. This condition requires pre-approval for categories of computer or Internet access or use; it does not require separate pre-use approval every time the defendant accesses or uses a computer or the Internet.

8. The defendant shall not utilize or possess a camera, recording device, camcorder, or other similar device during the term of supervised release, without prior approval by the probation officer.

9. Without prior approval of the probation officer, the defendant shall not maintain or create a user account on any social networking site (i.e., Facebook, Twitter, Snapchat, Instagram, Grindr, Tinder, etc.) that allows access to persons under the age of 18 or allows for the exchange of sexually-explicit material, chat conversations, or instant messaging. The defendant shall neither view nor access any web profile of users under the age of 18.

10. You must not incur new credit charges, or open additional lines of credit without the approval of the probation officer until special assessments are paid in full.

11. You must provide the probation officer with access to any requested financial information and authorize the release of any financial information until the special assessments are paid in full. The probation office may share financial information with the U.S. Attorney's Office.

12. The defendant shall pay an assessment, pursuant to 18 U.S.C. § 3014, to the United States in the amount of $40,000.00, payable to the U.S. District Clerk, 341 Pine Street, Room 2008, Abilene, Texas 79601. If upon commencement of the term of supervised release any part of the assessment imposed pursuant to 18 U.S.C. § 3014 remains unpaid, it is recommended the defendant make payments on such unpaid balance beginning 60 days after release from

custody at the rate of at least $300.00 per month until the assessment is paid in full.

13. The defendant shall participate in outpatient mental health treatment services as directed by the probation officer until successfully discharged. These services may include medications prescribed by a licensed physician. The defendant shall contribute to the costs of services rendered (copayment) at a rate of at least $25.00 per month.

14. The defendant shall participate in sex offender treatment services as directed by the probation officer until successfully discharged. These services may include psycho-physiological testing (i.e., clinical polygraph, plethysmograph, and the ABEL screen) to monitor the defendant's compliance, treatment progress, and risk to the community. The defendant shall contribute to the costs of services rendered (copayment) at a rate of at least $25.00 per month.

15. The defendant shall participate in an outpatient program approved by the probation officer for treatment of narcotic, drug, or alcohol dependency that will include testing for the detection of substance use, abstaining from the use of alcohol and all other intoxicants during and after completion of treatment, and contributing to the costs of services rendered (copayment) at the rate of at least $25.00 per month.

Dated November 18, 2026.

JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE

Defendant

Defense Counsel